# HAROLD N. BROWN

## vs.

# REAL ESTATE INVESTMENT CO.

*Usury: effect of section 4 of Article 49 of the Code; recovery of principal and legal interest.*

Section 4 of Article 49 of the Code does not render a loan or contract void *in toto* for usury, but forfeits the usurious interest and allows the recovery of the principal, with legal interest.

p. 496

*Decided May 14th, 1919.*

Appeal from the Superior Court of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*George P. McCeney* (with whom was *Harvey C. Bickel* on the brief), for the appellants.

*G. W. S. Musgrave* and *Sylvan Hayes Lauchheimer*, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought this suit against the defendant, in the Superior Court of Baltimore City upon the following promissory note:

"Laurel, Md., January 10, 1919.
"Sixty days after date I promise to pay to the order
of the Real Estate Investment Company eleven hun-
dred 00/100 dollars at its office, Patuxent Bank Bldg.,
Laurel, Md.   Value received.   Assigned accounts for
$1,500 as collateral security hereof.
"(Signed)   Harold N. Brown."

The declaration is an assumpsit, upon the common counts
and also sets out that the defendant, on the 10th day of
January, 1919, by his promissory note now overdue, prom-
ised to pay to the plaintiff $1,100 sixty days after date, but
did not pay the same.

The defendant pleaded, never indebted as alleged, never
promised as alleged, and for the third plea, that the plaintiff
is a corporation, incorporated under the laws of the State of
Maryland, and that the promissory note sued on in the case
was executed and delivered under the following circum-
stances: On January 10th, 1919, the defendant borrowed
from the plaintiff the sum of one thousand and thirty-four
dollars ($1,034.00) for which he gave to the plaintiff his
promissory note for eleven hundred dollars ($1,100.00) pay-
able sixty (60) days after date, being the cause of action in
the case, and that the payment of the promissory note was
secured by the assignment of certain choses in action aggre-
ating in amount the sum of fifteen hundred dollars $1,500.00.
That the defendant has collected and now holds the amount
of the choses in action, to wit; said sum of fifteen hundred
dollars.    That the loan represented by the promissory note
is usurious and in violation of the provisions of section 104A
of Chapter 629 of the Acts of 1894, and that the promissory
note and the assignment of the choses in action are absolutely
null and void.

The plaintiff joined issue on the defendant's first and sec-
ond pleas and demurred to the third plea, on the ground that
the plea was insufficient in law, and bad in substance.

The Court below sustained the demurrer to the third plea,
and the defendant declined to plead over.   The case was,

then, submitted to the Court upon an agreed statement of facts, and from a judgment in favor of the plaintiff for $1,047.79 the defendant has taken this appeal.

The facts of the case are few and are set out in the agreed statement of facts, and are in substance as follows: The defendant is engaged in the business of buying and selling automobiles. On the 10th of January, 1919, he made and executed to the plaintiff his promissory note for $1,100 the note in question payable sixty days after date, on which he received the sum of $1,034.00, the plaintiff deducting therefrom, the sum of eleven dollars for interest and a service charge of $55, or 5%, making a total deduction or charge of sixty six dollars. The defendant, to secure the payment of the note, also executed an assignment covering two open accounts, one for $700.00 and the other for $800.00 aggregating $1,500.00. The defendant collected the money due upon the two assigned accounts and refused to pay the note, upon maturity, on the ground of usury and contends, that the note and the assignment, was absolutely null and void, under section 124 of Article 23 of the Public General Laws (Annotated Code), Chapter 629, Acts of 1894.

The appellee contends and the Court below so held, upon its rulings on the demurrer, and in its findings upon the facts, that the loan upon the note and collateral, was not null and void, but that the plaintiff was entitled to recover the amount loaned, with interest, at the rate of 6% per annum.

The single question presented on the record is whether the Court below was right in its ruling upon the demurrer, and in its conclusion that the plaintiff was entitled to recover the amount of the loan on the promissory note, and the legal interest thereon, less the excessive and usurious interest and charges.

The law against usury in this State is well settled, and it does not render the loan or the contract in toto, void or make invalid the instrument given to secure the loan but it forfeits the excessive or usurious interest and allows the principal with the legal interest to be recovered.

By section 4 of Article 49 of the Code it is provided, that any person guilty of usury shall forfeit all the excess above the real sum or value of the goods and chattels actually lent or advanced and the legal interest on such sum or value, which forfeiture shall enure to the benefit of any defendant who shall plead usury and prove the same.

It has been frequently held by this Court that the scope and effect of this section of the Code, is not to avoid the usurious loan and contract in its entirety, but to render them valid to the extent of the principal and legal interest. *Smith* v. *Myers*, 41 Md. 433; *Montague* v. *Sewell*, 57 Md. 407; *Chipman* v. *Far. and Mer. Nat. Bank*, 121 Md. 355.

The Act of 1894, Chapter 629, now codified as section 124 of Article 23 of the Code, relied upon by the defendant in the Court below and by the appellant here, has no application to the facts of this case.

This statute was before this Court for construction in *Commercial Association* v. *McKenzie*, 85 Md. 132, and in *Chipman* v. *Far. and Mer. Nat'l Bank*, 121 Md. 354, and what was said, in those cases, is conclusive on this appeal and renders a further discussion of the questions here presented unnecessary.

As we concur in the correctness of the rulings of the Court below in this case, and in the conclusion reached by it, the judgment must be affirmed.

*Judgment affirmed, with costs.*